Exhibit (A).
Case 2:22-cv-00056-BMM-JTJ Document 2-1 Filed 08/04/22 Page 1 of 6
Case 2:19-cv-00041-BMM-KLD Document 6 Filed 11/07/19 Page 1 of 11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| STEPHEN KELLY,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA STATE UNIVERSITY POLICE DEPARTMENT,<br><br>Defendant. | Cause No. CV 19-41-BU-BMM-KLD<br><br><br>ORDER |

On August 7, 2019, Plaintiff Kelly moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983 alleging violation of the Sixth and Eighth Amendments to the United States Constitution. *See* Compl. (Doc. 2) at 6 ¶ IV(A)(1). On August 12, 2019, Kelly filed a motion to compel production of the names of the police officer or officers who were involved in the incident underlying his allegations. *See* Mot. to Compel (Doc. 4) at 2, 4.

## I. Motion to Proceed In Forma Pauperis

Kelly's motion adequately demonstrates that he is unable to pay costs that may be associated with this action. The $400.00 filing fee will be waived.

## II. Screening Requirement

Kelly is proceeding in forma pauperis. The Court must review his complaint

1

Exhibit (A).

Case 2:22-cv-00056-BMM-JTJ Document 2-1 Filed 08/04/22 Page 2 of 6
Case 2:19-cv-00041-BMM-KLD Document 6 Filed 11/07/19 Page 2 of 11

to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Kelly is also self-represented. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted). Courts must briefly explain deficiencies that may be cured by amendment, *see Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012), but "need not provide great detail or . . . act as legal advisors" to the plaintiff, *Noll v. Carlson*, 809 F.2d 1446, 1448–49 (9th Cir. 1987).[1]

### III. Kelly's Allegations

Kelly alleges that, in April 2019, *see* Compl. (Doc. 2) at 6 ¶ IV(A)(2), he was suffering severe chest pains on the campus of Montana State University when a bus driver called for an ambulance for him. An ambulance and a university police officer responded. Kelly informed the officer that he had previously had a heart attack and feared he was having another, but the officer would not allow Kelly to

---

[1] This decision is currently flagged in one electronic database as "superseded by statute." But the case cited, *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc), reversed the panel's and district court's decision holding that the Prison Litigation Reform Act overruled cases, like *Noll*, which required a district court to provide a pro se litigant with an opportunity to amend. *See Lopez*, 203 F.3d at 1125–26, 1129–30. *Noll* remains good law.

2

Exhibit (A).

get into the ambulance until a warrant check was completed. *See id.* at 7–10.

Kelly does not allege that he actually was having a heart attack or that he suffered additional injury as a result of the officer's action, but he alleges he "suffered excessive and unbearable pain" that was made "worse" because of "the defendant's officer holding him there outside of the waiting ambulance for an unreasonable amount of time." *Id.* at 11.

## IV. Analysis

Kelly invokes the Sixth and Eighth Amendments. The facts he alleges do not support a claim under those provisions of the Constitution. The Sixth Amendment guarantees trial rights, *see* U.S. Const. amend. VI, and the Eighth applies to persons convicted or accused of crimes or subjected to fines, *see* U.S. Const. amend. VIII.

The Fourth Amendment, however, demands that a police officer have at least reasonable suspicion that something unlawful is afoot before he may interfere with a person's actions. *See, e.g., Arizona v. Johnson*, 555 U.S. 323, 330 (2009). In addition, the Fourth Amendment demands that all seizures, *see United States v. Mendenhall*, 446 U.S. 544, 554–55 (1980), be carried out in a reasonable manner and without excessive force, *see, e.g., Graham v. Connor*, 490 U.S. 386, 395 (1989). When no force or seizure is justified, any force used to effect a seizure may be excessive. *See id.* at 396–97. The facts Kelly alleges support a claim for

3

Exhibit (A).
Case 2:22-cv-00056-BMM-JTJ Document 2-1 Filed 08/04/22 Page 4 of 6
Case 2:19-cv-00041-BMM-KLD Document 6 Filed 11/07/19 Page 4 of 11

violation of the Fourth Amendment.

Kelly names the Montana State University Police Department as the defendant. Montana State University appears to be the responsible entity. Kelly's allegations support service of the complaint on Montana State University.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Kelly's motion to proceed in forma pauperis (Doc. 1) is GRANTED. The clerk shall waive the filing fee and edit the docket text to show that the Complaint (Doc. 2) is filed.

2. Ruling on Kelly's motion to compel (Doc. 4) is RESERVED.

3. Pursuant to Federal Rule of Civil Procedure 4(d), Defendant Montana State University is asked to waive personal service of summons by executing, or having counsel execute, the attached Waiver of Service of Summons. The waiver must be returned to the Court within thirty (30) days of the filing date of this Order printed in the header above. If Defendant waives service of summons, an answer or appropriate motion will be due within sixty (60) days of the filing date of this Order printed in the header above. *See* Fed. R. Civ. P. 12(a)(1)(B); 42 U.S.C. § 1997e(g)(2).

4. The clerk shall forward the following documents to Defendants:

4

- Complaint (Doc. 2);
- Motion to Compel or Subpoena Process (Doc. 4);
- this Order;
- a Notice of Lawsuit & Request to Waive Service of Summons; and
- a Waiver of Service of Summons.

5. Counsel for Defendant must file a notice of appearance as a separate document at the time an answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

6. Any party's request that the Court make a ruling or take action of any kind must be made in the form of a motion, using the caption and case number of this action and designating the name of the motion, and must be served on all parties to the litigation. *See* Fed. R. Civ. P. 7, 10, 11. The Court will not consider letters.

7. No party may begin discovery until a scheduling order has been issued. *See* D. Mont. L.R. 26.1(d).

8. If Montana State University agrees to waive service, it shall serve on Plaintiff Kelly, with its answer or motion to dismiss, the names of all individuals it believes are likely to have discoverable information. *Cf.* Fed. R. Civ. P. 26(a)(1)(A)(i). It need not respond to Kelly's claim under the Sixth and Eighth Amendments, only under the Fourth Amendment.

9. <u>Kelly must immediately advise the Court of any change in his mailing</u>

5

Exhibit (A).
Case 2:22-cv-00056-BMM-JTJ Document 2-1 Filed 08/04/22 Page 6 of 6
Case 2:19-cv-00041-BMM-KLD Document 6 Filed 11/07/19 Page 6 of 11

address by filing a Notice of Change of Address. Failure to do so may result in dismissal of this action without notice to him.

DATED this 7th day of November, 2019.

*Kathleen J. DeSoto*
Kathleen L. DeSoto
United States Magistrate Judge

6

Case 2:22-cv-00056-BMM-JTJ Document 2-1 Filed 08/04/22 Page 6 of 6
Case 2:19-cv-00041-BMM-KLD Document 6 Filed 11/07/19 Page 6 of 11